STATE, Plaintiff-Appellee, v. SPARKS, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5710.   Decided December 20, 1957.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Paul A. Scott, Asst. Pros., Columbus, for plaintiff-appellee.

Lynch & Rosenberry, Edward F. Lynch, of Counsel, Columbus, for defendant-appellant.

## OPINION

By PETREE, PJ.

This is a law appeal from the Municipal Court of Columbus, Ohio, in which the defendant, appellant herein, sets forth the following six assignments of error:

1. The Court erred in usurping the legislative authority of prescribing the conditions under which the privilege of operating an automobile may be exercised.

2. The Court erred in attempting to usurp the duty of the Registrar by placing restrictions or conditions on the back of an operator's license.

3. The Court erred in holding that the Court on August 15, 1956, suspended the license of defendant.

4. The Court erred on August 15, 1956, in finding the defendant guilty and suspending his license after amending the affidavit without proper subsequent verification.

5. The Court erred in finding defendant guilty of operating his automobile after his license was suspended.

6. The judgment of the Court was against the weight of the evidence and contrary to law.

The appellant was sentenced to two days in City Prison and fined $50.00 and costs by Judge Duffy of the Municipal Court of the City of

578

Columbus on May 17, 1957, in Case No. 8741, State v. Sparks, upon a charge of violating the state auto law, §4507.38 R. C., which reads as follows:

"No person whose operator's or chauffeur's license has been suspended or revoked, under §§4507.01 to 4507.39 inclusive, R. C., shall drive any motor vehicle upon the highways of this state while such license is suspended or revoked."

The narrative bill of exceptions contains the following stipulation:

"The defendant-appellant herein was on April 13, 1957, arrested by police officers in the City of Columbus for an improper left turn. Upon checking the driver's license of said defendant-appellant, the following notations were found on the back thereof written in ink:

| " '1/19/55 | Col. Mun | O. M. V. I. |
| " '1/19/55 | Col. Mun | A. C. D. A. |
| " '8/15/56 | Col Mun | O M V I |
| " '8/15/56 | Col Mun | A C D A' |

"Immediately under the above inked notations was typed the following statement:

" '8/15/56 When F. R. A. Is Complied with Deft. May operate in course of employment only up to and including November 15, 1957 Columbus Mun. Ct.

Judge Strausbaugh'

"The police officers on seeing the above statement arrested the defendant-appellant and charged him further with driving after his license was revoked. The defendant came to trial on April 18, 1957, at which time the Court, Judge John C. Duffy presiding, found the defendant-appellant not guilty of making an illegal left turn and dismissed the charge. It was stipulated on this charge that the defendant-appellant was driving a private automobile, having driven his mother to a drugstore in order to obtain medicines for her. The attorney for the defendant-appellant moved for a dismissal of the charge of driving after license was revoked upon the ground that a notation on the back of a license as hereinbefore noted above was illegal, indefinite and ridiculous, and that no criminal charge could be based thereon. The Court then sent for the original docket book in which the entries of August 15, 1956, were entered in order to ascertain what the notation on the back of the license meant. In said docket it was ascertained that on August 15, 1956, the defendant was convicted of operating a motor vehicle while under the influence of alcohol as shown by the following statement in the docket:

" '10 days City Prison $150.00 and costs

'N. G.

" 'Amend affidavit to 1st offense—susp. D. R. rts. 15 mos. absolutely with stip. that if FRA complied with can drive truck within scope of employment only—bal. FRA'

"At that time, to-wit: August 15, 1956 the defendant-appellant immediately served his ten days in City Prison and paid his fine and costs and his license was taken away from him; apparently the notation stated before was placed on the back of his driver's license at that

time, and the license was forwarded to the Registrar of Motor Vehicles. Defendant-appellant did not drive a car until the latter part of March, 1957, when, upon being induced by an insurance agency to take out Financial Responsibility insurance and upon their statement that his license would thereafter be reinstated, he took out the insurance; a few days thereafter he received in the mail back from the Bureau of Motor Vehicles his operator's license; he then bought a car and proceeded to operate the same. The Court took the present case under advisement and gave the City until May 2, 1957, to file a brief, and on May 10, 1957, rendered a decision finding the defendant guilty of operating a motor vehicle after his license was suspended and ordered the defendant to serve two days in the City Prison and fined him $50.00.

"On May 15 1957, the defendant-appellant filed a notice of intention to appear and the Court suspended the execution of the sentence and the fine pending the appeal and placed the defendant-appellant under a bond of $50.00 pending the appeal.

"Notice of appeal was duly filed on May 15, 1957."

This bill of exceptions was approved by the trial court and by attorneys for both appellant and appellee.

From the above it may be seen that there is some inaccuracy with reference to the day the court pronounced sentence, but from the narrative bill of exceptions it is clear that an affidavit was filed on April 13, 1957, in Case No. 8741, upon the following charge, to wit:

"This man drivers lic revoked in Ohio except for employment only Back and forth to work—Stoped this man at 8:35 P M had been to drug store. contrary to statute in such cases made and provided, and against the peace and dignity of the State of Ohio, and further deponent says not."

Judge Duffy sentenced the defendant in the instant case, which was Case No. 8741 in the Municipal Court, for an April 13, 1957, violation based upon the defendant's driving a private automobile on that date in violation of the state law for driving after revocation when it was ascertained that Judge Strausbaugh, of the Columbus Municipal Court, had found appellant guilty of operating a motor vehicle while under the influence of alcohol in Case No. 27127, had sentenced the defendant to ten days in the City Prison, fined him $150.00 in costs, and then added:

"* * * the court further ordered that the defendant's driving rights be suspended for a period of 15 months absolutely with stipulation that if Financiancial Responsibility Act is complied with he can drive truck within scope of Employment only balance subject to Financial Responsibility Act of the State of Ohio."

There is no question but that Judge Strausbaugh, on August 16, 1956, in Case No. 27127, had authority under §4507.16 R. C. to suspend for any period of time not to exceed three years the appellant's driver's license. This he could have done by forbidding appellant to drive any vehicle for three years or for any period less than three years, or he could have suspended his license to drive for said three-year period subject to appellant's right to get his driver's license back by furnishing financial responsibility and keeping said financial responsibility in force

until August 15, 1959. The judge chose to take the appellant's license for fifteen months, or until November 15, 1957, as far as general driving of private vehicles was concerned, but to permit the appellant to drive a truck within the scope of his employment only.

The judge further stipulated in his sentence that after November 15, 1957, and for the balance of the period until August 15, 1959, appellant could have his license for all purposes, for private driving as well as truck driving within the scope of his employment, on condition only that he furnish financial responsibility during the period after November 15, 1957.

Thus, it may be seen that the court was more liberal with the defendant than was necessary. He could have taken away, during the fifteen months or up to three years, the right of the defendant to drive a truck in his employment. We fail to see how the appellant can be prejudiced by the court being more lenient upon him. The court's order was plain for him to see that he could only drive a truck within the course of his employment.

In **3. O. Jur. 2d 683, at Page 633,** we find the following:

"Under the well-established principle that no one can complain of error unless he is prejudiced thereby, a party cannot avail himself of error which is favorable to himself, or prejudicial only to the adverse party."

**Sec. 2947.13 R. C.,** reads as follows:

"Any court sentencing a person for misdemeanor may, at the time of sentence, omit or suspend such sentence in whole or in part, upon such terms as the court may impose."

This is in line with the general authority that a court has inherent power to suspend a sentence or any part thereof when conditions justify the same, especially when such sentence or such suspension is at the time of sentence. It seems to us a sound rule of law that would make it possible for a trial court to take a person off the roads for pleasure driving and week-end periods when such person is not employed, for the protection of the general public, and at the same time to permit this person to drive in the course of his employment and thus enable him to support his family and not become a public charge. It must be borne in mind that the full authority of the trial court to suspend was there in the first place, and it seems rather strange that the appellant should be complaining that he was accorded more generous treatment than was necessary.

We find, therefore, that there was no error prejudicial to the rights of this defendant in the action of Judge Strausbaugh in permitting him to drive and that the judge who sentenced him in May of 1957 for having driven in violation of a final judgment rendered against him in August, 1956, did not err as complained of in assignment of error No. 5.

We further find that assignments of error Nos. 1, 2, and 3 are not well taken. As authority for this, we refer to §2945.83 **(E) R. C.**

In view of these conclusions and in consideration of the narrative bill of exceptions heretofore set forth, we conclude that assignment of error No. 6 is not well taken and that the judgment of the trial court was not against the manifest weight of the evidence.

Assignment of error No. 4, raised for the first time in Case No. 8741, is not well taken. There was no appeal from the August 15, 1956, decision in Case No. 27127, and that judgment cannot be collaterally attacked for claimed errors in the case which arose on April 13, 1957. The questions raised concerning the amending of the affidavit would not, in any event, render that judgment void; and that being true, a subsequent charge based upon that judgment can be sustained.

The judgment of the trial court will, therefore, be affirmed, and the case will be remanded to the Municipal Court for execution of sentence.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.